UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Mark Shell, | ) C/A No. 8:06-2479-MBS-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| E. Charles Grose, Jr., Head Public Defender; | ) Report and Recommendation |
| and Public Defenders Office, Greenwood, S.C., | ) |
| | ) |
| Defendants. | ) |
| _____) | |

The plaintiff, John Mark Shell (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff, a detainee at the Greenwood Dentention Center, files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants E. Charles Grose, Jr., Head Public Defender and Public Defenders Office, Greenwood, S.C. Plaintiff claims discrimination and seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

## Background

Plaintiff alleges that an attorney from the Greenwood County Public Defenders' Office was appointed to handle plaintiff's pending charges.  The attorney handled plaintiff's case through the preliminary hearing stage.  Subsequent to the preliminary hearing, the Greenwood County Public Defenders' Office reportedly discovered a conflict of interest with plaintiff's case (the office manager and the alleged victim attended church together.) Plaintiff claims that, by pulling the court appointed attorney from his case, the "Head" Public Defender, E. Charles Grose, Jr. and the Greenwood County Public Defenders' Office discriminated against him. Plaintiff indicates he has been detained for 14 months and apparently feels he would have been released from detention if the court appointed attorney had continued her representation.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendants deprived him of a federal right, and *(2)* did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Attorney E. Charles Grose, Jr., and the Greenwood County Public Defenders' Office are entitled to summary dismissal because they have not acted under color of state law.

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). One of the traditional functions of any attorney, is to determine whether a conflict of interests exists which would preclude the attorney, or his office, from representing a client. "The Sixth Amendment right to choose one's own counsel is circumscribed in several important aspects". Wheat v. U.S., 486 U.S. 153, 159 (1988). A defendant cannot insist on representation by an attorney "who has a previous or ongoing relationship with an opposing party." Id. Thus, deciding that a conflict of interest existed in plaintiff's case, was both a basic and necessary function of the Greenwood County Public Defenders' Office and attorney Charles E. Grose, Jr. Since neither defendant acted under color of state law, § 1983's second jurisdictional prerequisite is not met and the defendants are not amenable to suit.

To the extent that the Public Defenders' Office may be deemed a governmental or county unit[2], direct liability of a government body under § 1983 would only be established if an official policy or custom was "the moving force of [a] constitutional violation." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). *See also* Polk County, supra. at 326. The plaintiff's complaint makes no such allegations against the Greenwood County

---

[2] It is unclear, from the face of the complaint, whether plaintiff is attempting to sue the Greenwood County Public Defenders' Office on the basis of vicarious liability. However, the doctrine of *respondeat superior* is generally inapplicable in a § 1983 suit. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Public Defenders' Office.  Therefore, the Greenwood County Public Defenders' Office is entitled to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

                                             Respectfully Submitted,

                                             s/Bruce Howe Hendricks
                                             United States Magistrate Judge

September 18, 2006
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**