IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Mark Shell, ) | |
| ) | C/A No.: 8:06-2479-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| E. Charles Grose, Jr., Head Public ) | |
| Defender; and Public Defender's Office, ) | |
| Greenwood, South Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John Mark Shell is a pretrial detainee at the Greenwood Detention Center in Greenwood, South Carolina. Plaintiff, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on September 6, 2006. Plaintiff contends that he had been assigned a public defender that he liked and trusted. At some point, it was discovered that the office manager at the Public Defender's Office and the alleged victim knew each other and that the office manager had knowledge about Plaintiff's case. Based on the conflict, Defendant Grose recused the Public Defender's Office from representing Plaintiff. Plaintiff alleges that he has been subjected to discrimination.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On September 18, 2006, the Magistrate Judge filed a Report and Recommendation in which she recommended that the complaint be dismissed because Defendants had not acted under color of state law. Plaintiff filed objections to the Report on October 3, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections generally restate allegations of the complaint. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record. As the Magistrate Judge properly noted, Defendants are entitled to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Public defenders do not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-24 & nn. 8-16 (1981). Moreover, Defendant Grose is bound by the conflicts of interests provisions of the South Carolina Rules of Professional Conduct. See S.C. App. Ct. R. 407 (Rule 1.10, South Carolina Rules of Professional Conduct) (prohibiting, with some exceptions, any attorney in a legal services organization from representing a client when any one of them practicing alone would be prohibited from doing so). Plaintiff's objections are without merit.

The court concurs in the Report and Recommendation and incorporates it herein by reference.

The case is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

October 18, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3